UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PALL CORPORATION,

                         Plaintiff,                        <u>MEMORANDUM</u>
                                                                  <u>OPINION AND ORDER</u>

      -against-                                    CV 97-7599 (RRM)(ETB)
                                                                    CV 03-0092 (RRM)(ETB)

CUNO INCORPORATED,

                         Defendant.
-----------------------------------------------------------------------X

Before the court is the defendant's motion to amend its Answer, Affirmative Defenses and Counterclaims ("Amended Answer") to assert that the sole remaining patent at issue herein, U.S. Patent No. 5,543,047 (the "'047 Patent"), is unenforceable as a result of plaintiff's inequitable conduct during the recent reexamination proceedings that took place before the United States Patent and Trademark Office (the "PTO"). Plaintiff opposes the defendant's motion on the grounds that the Proposed Amended Answer is not pled with particularity, as required by Federal Rule of Civil Procedure 9(b) and recent case law. For the following reasons, the defendant's motion is granted in its entirety.

## F<small>ACTS</small>

Familiarity with the facts of the underlying actions is presumed. As a result of recent reexamination proceedings before the PTO, which concluded with the issuance of a Reexamined Certificate for the '047 Patent on June 9, 2009, the plaintiff, Pall Corporation ("Pall") found it necessary to amend its Complaint in the within two actions and did so on July 13, 2009. Pall's

Amended Complaint withdrew its infringement allegations with respect to U.S. Patent No. 5,690,765, withdrew certain allegations of willful patent infringement, and limited its claims with respect to the '047 Patent. The defendant, Cuno Incorporated ("Cuno"), did not oppose Pall's amendment.

Although Cuno sought Pall's consent to file its Amended Answer, Pall advised Cuno that it would oppose any such amendment. By letter motion dated July 15, 2009, Cuno requested a pre-motion conference with Judge Mauskopf with respect to its motion to amend its Answer. Judge Mauskopf referred Cuno's letter motion to the undersigned by Order dated July 17, 2009 and, on July 24, 2009, Pall filed its letter opposing Cuno's request for a pre-motion conference. By Order dated August 4, 2009, the Court waived the requirement of a pre-motion conference and granted Cuno leave to move to amend its Answer by formal motion. Both parties were afforded the right to supplement their papers by Order dated November 30, 2009, due to the intervening decision in <u>Exergen Corporation v. Wal-Mart Stores, Inc.</u>, 575 F.3d 1312 (Fed. Cir. 2009), and, as permitted, Cuno submitted its revised proposed Amended Answer, for which it seeks leave to file.

DISCUSSION

I.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that "a party may amend the party's pleading only by leave of court or by written consent of the other party; and leave shall be given as justice so requires." Fed. R. Civ. P. 15(a). The decision to allow such leave is firmly within the discretion of the district court. <u>See</u> <u>Liberty Mut. Ins. Co.</u>

v. First Brighton Transp. Mgmt., No. 07 CV 715, 2008 U.S. Dist. LEXIS 31791, at *11-12 (E.D.N.Y. Apr. 16, 2008) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). Leave to amend is generally granted unless there appears to be bad faith or unnecessary delay on the part of the movant, or permitting the proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

In determining whether to grant leave to amend, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). In order to defeat a Rule 12(b)(6) motion, an individual must plead only enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As such, "[t]he court must construe the facts alleged by the party proposing the amendment to be true and view them in the most favorable light." Hartman v. County of Nassau, No. 04 CV 1784, 2008 U.S. Dist. LEXIS 34729, at *55 (E.D.N.Y. Apr. 28, 2008) (citing Narvarte v. Chase Manhattan Bank, N.A., No. 96 CV 8133, 1998 U.S. Dist. LEXIS 15530, at *1 (S.D.N.Y. Oct. 1, 1998)).

II.   Inequitable Conduct - The Elements

A finding that a patent is unenforceable due to inequitable conduct requires clear and convincing evidence of two elements: (1) that the applicant "made an affirmative misrepresentation of material fact, failed to disclose material information or submitted false material information," and (2) that the applicant "intended to deceive" the PTO. Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1363 (Fed. Cir. 2007) (citing Impax Labs., Inc. v. Aventis

Pharms. Inc., 468 F.3d 1366, 1374 (Fed. Cir. 2006)). If the court finds that the requisite two elements have been established by clear and convincing evidence, "it must then 'balance the equities to determine whether the patentee has committed inequitable conduct that warrants holding the patent unenforceable.'" Cargill, 476 F.3d at 1364 (quoting Impax Labs., 468 F.3d at 1374-75) (additional citation omitted). Under this balancing test, "[t]he more material the omission or the misrepresentation, the lower the level of intent required to establish inequitable conduct, and vice versa." Cargill, 476 F.3d at 1364 (quoting Critikon, Inc. v. Becton Dikinson Vascular Access, Inc., 120 F.3d 1253, 1256 (Fed. Cir. 1997)) (alteration in original). "[A] finding of inequitable conduct in the acquisition of even a single claim of a patent renders the remaining claims of that patent unenforceable, even those without the taint of inequitable conduct." Pharmacia Corp. v. Par Pharm., Inc., 417 F.3d 1369, 1374-75 (Fed. Cir. 2005) (citing Kingsdown Med. Consultants, Ltd. v. Hollister, Inc., 863 F.2d 867, 877 (Fed. Cir. 1988)).

1. Materiality

Information is considered material "where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent." Cargill, 476 F.3d at 1364 (citing 37 C.F.R. § 1.56(a)). Information is also considered material if it falls within the standards set forth in PTO Rule 56, which provides as follows:

> [I]nformation is material to patentability when it is not cumulative to information already of record or being made of record in the application, and
>
> > (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim, or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

    (i) Opposing an argument of unpatentability relied on by the Office, or

    (ii) Asserting an argument of patentability.

Cargill, 476 F.3d at 1364 (quoting 37 C.F.R. § 1.56(b)).

"[M]ateriality is determined from the viewpoint of a reasonable patent examiner, and not the subjective beliefs of the patentee." Cargill, 476 F.3d at 1366 (quoting Bristol-Meyers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d 1226, 1238 (Fed. Cir. 2003)) (alteration in original). Where the patent examiner "repeatedly raises an issue to which the information relates," the applicant should know that information is material. Cargill, 476 F.3d at 1366.

2. Intent to Deceive

"The intent element of inequitable conduct requires that 'the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive." Cargill, 476 F.3d at 1364 (quoting Impax Labs, 468 F.3d at 1374-75) (additional citation omitted). Direct evidence is not required to prove an intent to deceive. See Cargill, 476 F.3d at 1364 (citing Impax Labs, 468 F.3d at 1375). Rather, an intent to deceive may be "inferred from the facts and circumstances surrounding the conduct at issue." Cargill, 476 F.3d at 1364 (citing Impax Labs, 468 F.3d at 1375).

III. Inequitable Conduct - The Pleading Requirements

When pleading the defense of inequitable conduct, the defendant is required to comply

with Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting fraud or mistake . . . be stated with particularity." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quoting Fed. R. Civ. P. 9(b)); see also Ferguson Beauregard,/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (stating that "inequitable conduct, while a broader concept than fraud, must be pled with particularity" under Federal Rule of Civil Procedure 9(b)). "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." Exergen, 575 F.3d at 1326-27 (citation omitted). To properly plead a defense of inequitable conduct, "Rule 9(b) requires identification of the specific who, what, when, where and how of the material misrepresentation or omission committed before the PTO." Id. at 1327.

In the within action, Cuno asserts three grounds of inequitable conduct that it seeks to include in its Amended Answer. According to Cuno, in prosecuting the '047 Patent reexamination, Pall's attorneys, including at least John M. Belz, Esq.:

> (a) Remained silent while the PTO Examiner handling the reexamination confirmed as patentable essentially the same claimed subject matter that Pall had already tried and failed to obtain in a related patent application pending before a different PTO Examiner. Pall's attorneys at Leydig, Voit & Mayer, Ltd., including at least Mr. Belz, failed to tell the Examiner that the claim limitation upon which the PTO intended to, and ultimately did, confirm the patentability of the reexamined '047 Patent claims was the same claim limitation that the PTO had previously determined to be no more than an obvious variation over the prior art and thus unpatentable. Even worse, to obtain issuance of the '047 Patent in the reexamination proceeding, Mr. Belz then told the PTO that this very unpatentable limitation "uniquely serves" the invention.

(b) Took advantage of the ex parte nature of the reexamination to mischaracterize an invalidating prior art patent that CUNO discovered and produced to Pall (the Taga '118 Patent), advancing unopposed arguments to the PTO that were flatly inconsistent with positions Pall's attorneys took during claim construction in this litigation. Pall's attorneys at Leydig, Voit & Mayer, Ltd., including at least Mr. Belz, never mentioned this dramatic about-face to the PTO Examiner, and they knew that due to the ex parte nature of the reexamination process, CUNO would have no opportunity to inform the PTO of their lack of candor.

(c) Attempted to eliminate another patent as invalidating prior art (the Soviet '201 Patent) during the reexamination by falsely asserting to the PTO that it is not prior art to any of the claims that were being reexamined and that had been rejected based on the Soviet '201 Patent. Pall's attorneys at Leydig, Voit & Mayer, Ltd., including at least Mr. Belz, knew that, at the least, the Soviet '201 Patent is prior art to at least some of the claims the PTO had rejected during the reexamination. Nonetheless, they falsely asserted to the PTO that its rejection should be withdrawn because the Soviet '201 Patent is not prior art to any of the claims of the '047 Patent that had been rejected.

(Proposed Am. Ans. ¶ 1.) Cuno's Proposed Amended Answer then goes on to explain each of these allegations in detail for approximately forty-three pages. (Proposed Am. Ans. ¶¶ 2-167.)

Pall asserts that Cuno's Proposed Amended Answer is not pleaded with the requisite particularity, as required under Federal Rule of Civil Procedure 9(b), and that even if it is, the allegations contained in the Proposed Amended Answer are false. As a threshold matter, Pall seems to misapprehend the function of the Court on a motion to amend the pleadings.

As stated supra, when determining a motion to amend, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the movant's favor. See Luparello v. Inc. Vill. of Garden City, 290 F. Supp. 2d 341, 343 (E.D.N.Y. 2003); see also

Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). The issue before the Court is not whether Cuno will ultimately prevail, but whether it is entitled to offer evidence to support the defense asserted. See Luparello, 290 F. Supp. at 343; see also Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). In making this determination, the Court should not consider the merits of a claim or defense unless the amendment is "clearly frivolous or legally insufficient on its face." Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998) (quoting Northbrook Nat'l Ins. Co. v. J&R Vending Corp., 167 F.R.D. 643, 647 (E.D.N.Y. 1996)) (additional citation omitted). "'If the [movant] has at least colorable grounds for relief, justice . . . require[s]' that the court grant leave to amend . . . ." Blaskiewicz, 29 F. Supp. 2d at 138 (quoting Golden Trade, S.r.L. v. Jordache, 143 F.R.D. 504, 506 (S.D.N.Y. 1992)) (additional citation omitted) (alteration in original).

Taking the factual allegations pleaded in Cuno's proposed Amended Answer as true, I find that Cuno's proposed affirmative defense of inequitable conduct is not frivolous or legally insufficient on its face. The misrepresentations and omissions alleged by Cuno meet the standard for materiality in that a reasonable patent examiner would find issues of prior art and the rejection of the same patentable elements in a separate patent proceeding to be important in deciding whether to allow the '047 patent application to issue. Moreover, when viewed as a whole, the facts alleged in the proposed Amended Answer support an inference that Pall intended to deceive the PTO during the reexamination proceedings. Accordingly, Cuno's proposed affirmative defense of inequitable conduct is not futile.

Moreover, I find that Cuno's proposed Amended Answer is pleaded with the requisite particularity, pursuant to Federal Rule of Civil Procedure 9(b). The forty-three pages of factual

allegations contained in the proposed Amended Answer amply set forth the who, what, when, where and how of each material misrepresentation or omission alleged to have been committed by Pall before the PTO. In addition to the actual misrepresentations and omissions alleged to have been made, the person responsible for the alleged inequitable conduct is identified, as are when and where the alleged conduct occurred and how such conduct is material to the issuance of the reexamination certificate. Accordingly, Pall's contention that Cuno's proposed Amended Answer fails to meet the pleading standard set forth in Exergen is without merit.

IV.     Bad Faith, Undue Delay and Unfair Prejudice

As Cuno asserts in its memorandum of law in support of its motion to amend, there is no inference of bad faith that the Court can find from Cuno's request to amend its Answer since, as set forth above, the proposed amendments are not futile. Moreover, there has been no undue delay on Cuno's part in making the within application. The reexamination proceedings only concluded in June 2009. Within days of the issuance of the '047 Reexamined Certificate, the parties met and conferred to discuss a briefing schedule for their respective motions to amend. Pall's Amended Complaint was filed without opposition on July 13, 2009. Two days later - after being informed that Pall would not consent to its amendment - Cuno filed it's request for a pre-motion conference with Judge Mauskopf. Accordingly, Cuno's application is timely.

Finally, Pall asserts that permitting Cuno's proposed amendment would unfairly prejudice Pall due to the fact that the two within actions have been pending for twelve and six years, respectively, and granting Cuno's motion will only lead to further delay and expense. However, as Cuno points out, no trial date has been set yet in either of these actions. Nor will the proposed

amendment require significant additional discovery.  Accordingly, I find that Pall will not be unfairly prejudiced by permitting Cuno to amend its Answer.

## Conclusion

For the foregoing reasons, defendant's motion to amend its Answer, Affirmative Defenses and Counterclaims is granted in its entirety.  Defendant is directed to file its Amended Answer within five (5) days of the date of this Order.  Plaintiff is directed to file its Reply to defendant's Counterclaims within ten (10) days of the date of this Order.  The parties are requested to provide a revised discovery schedule on or before February 15, 2010.

**SO ORDERED:**

Dated: Central Islip, New York
January 20, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge