UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PALL CORPORATION,

                        Plaintiff,                        <u>MEMORANDUM</u>
                                                          <u>OPINION AND ORDER</u>

           -against-                             CV 97-7599 (RRM)(ETB)
                                                          CV 03-0092 (RRM)(ETB)

CUNO INCORPORATED,

                        Defendant.
-----------------------------------------------------------------------X

      Before the court is the defendant's motion to compel the production of certain documents that the plaintiff has withheld on the basis of attorney-client privilege and attorney work product. The defendant asserts that plaintiff has waived its right to claim privilege over the withheld documents. The plaintiff argues that no such waiver has occurred. For the following reasons, defendant's motion is granted.

<u>FACTS</u>

      Familiarity with the facts of the underlying actions is presumed. By Memorandum Opinion and Order dated January 20, 2010, this Court granted the defendant, Cuno Incorporated's ("Cuno"), motion to amend its Answer, Affirmative Defenses and Counterclaims to assert a counterclaim that the patent at issue herein is unenforceable based on inequitable conduct by the plaintiff, Pall Corporation ("Pall"), and its counsel, during the reexamination proceedings that took place before the United States Patent and Trademark Office ("PTO") in June 2009. Cuno filed its Amended Answer on January 22, 2010.

After a discovery schedule was set with respect to Cuno's new counterclaim, Pall moved for a protective order precluding Cuno from seeking discovery of Pall's litigation counsel, who are members of the same firm as Pall's patent prosecution counsel. Pall's motion was denied in all respects by Order dated April 8, 2010.

By letter motion dated May 3, 2010, Cuno now moves to compel the production of hundreds of documents that Pall has withheld as attorney work product.[1] Cuno argues that Pall has affirmatively placed the thoughts and mental impressions of its counsel in issue in an effort to rebut Cuno's allegations of inequitable conduct, thereby waiving any privilege. Pall asserts that Cuno's motion is premature and that no waiver has occurred.

DISCUSSION

I.  Legal Standard

"[I]n certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted." Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie, S.C.A., 258 F.R.D. 95, 106 (S.D.N.Y. 2009) (quoting John Doe Co. v. United States, 350 F.3d 299, 302 (2d Cir. 2003)) (alteration in original). Known as "implied waiver" or "at-issue waiver," this involuntary forfeiture of privilege "may arise 'when the party attempts to use the privilege both as a shield and a sword' by 'partially disclos[ing] privileged communications or affirmatively rely[ing] on [them] to support its claim or defense and then sheild[ing] the

---

[1] Pall has additionally invoked the attorney-client privilege with respect to twenty-six documents. (Cuno's Mot. to Compel, Ex. C.)

underlying communications from scrutiny." Newmarkets Partners, 258 F.R.D. at 106 (quoting In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000)) (alterations in original) (additional citations omitted). "In other words, an 'at issue' waiver may occur when a party puts its own conduct at issue." Ohio Cas. Group v. Am. Int'l Specialty Life Ins. Co., No. 04 Civ. 10282, 2006 U.S. Dist. LEXIS 52070, at *13 (S.D.N.Y. July 15, 2006) (emphasis in original).

An "at-issue" waiver is typically found to have occurred when the following factors are present:

> (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his [claim or] defense.

Ohio Cas. Group, 2006 U.S. Dist. LEXIS 52070, at *11 (citing Granite Partners, L.P. v. Bear, Stearns & Co., 184 F.R.D. 49, 55 (S.D.N.Y. 1999)) (additional citation omitted). "[T]he key to a judicial finding of an implied waiver 'is some showing by the party arguing for a waiver that the opposing party relies on the privileged communication as a claim or defense or as an element of a claim or defense.'" Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08-CV-5023, 2009 WL 3334365, at *1 (E.D.N.Y. Oct. 14, 2009) (quoting In re County of Erie, 546 F.3d 222, 228 (2d Cir. 2008)) (emphasis in original). "[E]ven if the privilege holder does not attempt to make use of the privileged information[,] . . . the privilege [may be waived] if [the privilege holder] makes factual assertions the truth of which can only be assessed by examination of the privileged communication." Pereira v. United Jersey Bank, Nos. 94 Civ. 1565, 94 Civ. 1844, 1997 WL 773716, at *4 (S.D.N.Y. Dec. 11, 1997) (citations omitted) (second and third alterations in

original).

II.     Analysis

In the within action, Cuno asserts a counterclaim against Pall for inequitable conduct during the reexamination proceedings before the PTO in June 2009.  In an effort to rebut Cuno's assertions of inequitable conduct, Pall has offered the declaration of its primary patent prosecution counsel, John Belz ("Belz"), in which Belz repeatedly offers his thoughts, mental impressions, opinions and conclusions as evidence of Pall's good faith during its appearance before the PTO.  (Belz Decl. ¶¶ 6, 8-11, 13-15, 18, annexed as Ex. A to Cuno Mot. to Compel.) Yet, Cuno has withheld from production hundreds of documents pertaining to the reexamination proceedings on privilege grounds.  It is black-letter law that the "at issue" waiver doctrine "precludes a party from 'disclos[ing] only self-serving communications,' while bar[ring] discovery of other communications that an adversary could use to challenge the truth of the claim.'"  HSH Nordbank AG v. Swerdlow, 259 F.R.D. 64, 74 (S.D.N.Y. 2009) (quoting In re Adelphia Commc'ns Corp., No. 02-41729, 2007 WL 601452, at *3 (Bankr. S.D.N.Y. Feb. 20, 2007)) (additional citations omitted) (alterations in original).

Specifically, "the assertion of a good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege." Erie, 546 F.3d at 228-29.  "Courts frequently conclude that a party waives the protection of the attorney-client privilege when the party voluntarily injects into suit a question that turns on state of mind."  Regents of the Univ. of Cal. v. Micro Therapeutics, Inc., No. C 03 05669, 2007 WL 2069946, at *3 (N.D. Cal. July 13, 2007) (citing Anderson v. Nixon, 444 F. Supp. 1195, 1200

(D.D.C. 1978)). In such cases, the party asserting privilege "cannot be permitted, on the one hand, to argue that it acted in good faith and without an improper motive and then, on the other hand, to deny the [opposing party] access to the [privileged materials] where [those materials] . . . played a substantial and significant role in formulating the actions taken by [the party asserting privilege]." Pereira, 1997 WL 773716, at *6. Such waiver has been applied in patent cases where one party has asserted a claim of inequitable conduct, like the within action. See, e.g., Echometer Co. v. Lufkin Indus., Inc., No. 7:00-CV-0101-R, 2002 WL 87323, at *1-2 (N.D. Tex. Jan. 16, 2002) (finding that documents and testimony relating to disclosures made to the PTO in support and prosecution of plaintiffs' patent were "proper subjects for discovery by Defendants" and ordering their production unless the parties stipulated that plaintiffs would not attempt to prove their good faith during trial); Starsight Telecast, Inc. v. Gemstar Dev. Corp., 158 F.R.D. 650, 654 (N.D. Cal. 1994) (finding waiver where defendants' counsel placed his state of mind in issue in declarations and deposition testimony and stating that in doing so, defendants did "more than merely deny [plaintiff's] charge of inequitable conduct").

Moreover, implied waiver of the attorney-client privilege here "is justified by considerations of fairness" to Cuno. Newmarkets Partners, 258 F.R.D. at 106 (quoting John Doe Co., 350 F.3d at 302). Where a party "uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion," notions of unfairness are implicated that impliedly waive work product protection. See Newmarkets Partners, 258 F.R.D. at 106-07. I find such unfairness to be implicated in the within action.

Cuno asserts that the patent at issue in the within action is invalid based on Pall's

inequitable conduct before the PTO. Cuno further asserts that its claim is substantiated by the fact that on April 22, 2010, after a second reexamination proceeding of Pall's patent, the PTO rejected each and every remaining patent claim asserted by Pall after Cuno provided the PTO with certain information that Pall allegedly withheld during the first examination. (Cuno Mot. to Compel 1.) Pall does not dispute this fact. Pall, however, asserts that it acted in good faith at all times, relying, in part, on the thoughts and mental impressions of its patent prosecution counsel, Belz. Yet Pall has withheld from production hundreds of documents that may bear on the issue of Pall's good faith. The documents withheld by Pall on the basis of privilege are potentially capable of undermining Pall's assertions of good faith and are therefore relevant to Cuno's inequitable conduct counterclaim. Accordingly, Pall's "'good faith' is within the scope of [the] current pleadings and its . . . assertions in defense of the 'inequitable conduct' counterclaim asserted by [Cuno]. [Pall] may have their shield but may not have their sword and wield it, too." Echometer, 2002 WL 87323, at *1.

Based on the foregoing, Pall is directed to produce all of the documents withheld on the basis of privilege that pertain to the reexamination proceedings before the PTO within ten (10) days of the date of this Order. Depositions of Pall's counsel shall proceed, as directed by the Order dated April 8, 2010. Failure to comply with this Order will result in Pall being precluded from offering evidence of its good faith in defense to Cuno's inequitable conduct counterclaim at the trial in this action. Discovery is extended an additional thirty (30) days from the date of this Order.[2]

---

[2] The Court notes that although Cuno's motion to compel also contained a request for production of those communications also withheld between Pall's counsel and its testifying expert, Dr. Georges Belfort, Pall's opposition to the motion states that Pall "conced[es] the

## Conclusion

For the foregoing reasons, Cuno's motion to compel is granted. Pall is directed to produce the withheld documents that pertain to the reexamination proceedings before the PTO within ten (10) days of the date of this Order. Depositions of Pall's counsel shall proceed, as directed by the Order dated April 8, 2010. Failure to comply with this Order will result in Pall being precluded from offering evidence of its good faith in defense to Cuno's inequitable conduct counterclaim at the trial in this action. Discovery is extended an additional thirty (30) days from the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
June 8, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge

---

propriety of [Cuno's] position" and will therefore produce the requested documents. (Pall Opp'n 3.) Accordingly, there is no need for the Court to address this issue.