

666 Fifth Avenue, 17th Floor
New York, New York 10103

*t* 212-753-5000
*f* 212-753-5044

www.schiffhardin.com

Thomas M. Crispi
212-745-0865
tcrispi@schiffhardin.com

October 28, 2013

**VIA ECF**

The Honorable William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

      Re:     *Pall Corporation v. 3M Purification Inc.,* Nos. 9:97-cv-07599-PKC-ARL and 2:03-cv-
               00092-PKC-ARL
               3MPI Response to Pall's Request to Replace Expert Friedlander with a New Witness
               3MPI Request to Consolidate and Supplement Inequitable Conduct Reports

Dear Magistrate Judge Wall:

        On behalf of 3M Purification Inc. ("3MPI"), we write in response to Pall Corporation's ("Pall")
letter of October 28, 2013.   (D.I. 359.)  We also write to request leave to consolidate and supplement
expert reports submitted by 3MPI experts on the topic of inequitable conduct due to a change in
controlling law and to reflect events that occurred after the original report.  We propose to conduct such
supplementation on the same schedule already established by the Court for Pall's expert supplementation.

        1.       3MPI Response to Pall's Request to Replace Expert Friedlander with a New
               Witness

        Pall seeks again to expand its stable of experts and scope of opinions despite the fact that the case
has been pending for sixteen years and despite the fact that Pall has repeatedly taken the position that the
matter is ready for trial.  The Court's Order (D.I. 358) clearly limits the change in expert witness to the
author of Pall's willfulness report.

        Pall's request for a new expert on damages effectively seeks a "do-over" of Pall's damages
analysis.  Pall states 3MPI will suffer no prejudice.  (D.I. 359 at 2.)  3MPI has suffered prejudice from
Pall's delay and will suffer further prejudice from Pall's use of a new expert "based on a different theory
from the original report."  (*Id.*)  The Court did not grant Pall leave to file a new report based on different
theories, but rather leave to address limited issues based on the Federal Circuit's holding in *Uniloc* and
the limited issue of price erosion.  (D.I. 358.)  3MPI expects to hold Pall's expert Friedlander accountable
for his original report and underlying analysis, with all its deficiencies.  Any supplemental report would
necessarily take as its foundation that original report and should be limited to specific opinions narrowly



Honorable William D. Wall
October 28, 2013
Page 2

tailored to the changes in the law that ostensibly gave rise to Pall's initial request[1] and relevant facts, *if any*, that were not available to Pall or Mr. Friedlander at the time the original report was submitted. Neither Mr. Friedlander's age nor his Idaho domicile (both of which were known to Pall over a year ago when the Court lifted the stay in this case) is a cognizable ground to allow Pall to throw out wholesale his prior opinions and to start fresh on its damages claim with an entirely new expert.

For these reasons, 3MPI objects to Pall's request to substitute its damages expert with a new witness.

If, however, the Court is persuaded that Pall should be allowed to introduce a brand new expert on damages into the case at this late date, 3MPI requests that the Court require that Pall's new expert be required to limit him or herself to the facts and record cited in the original reports by Mr. Friedlander and confine the supplemental report, as Friedlander would have had to do, to opinions specific to the changes in the law and relevant facts, *if any*, that were not available to Pall or Mr. Friedlander at the time the original report was submitted. Circumscribing any new expert witness's report in this way will not prejudice Pall, but instead will mitigate any prejudice to 3MPI occasioned by the eleventh hour change in experts in a case the parties have prepared over the last sixteen years at substantial expense.

2.      3MPI's Request to Consolidate and Supplement Its Inequitable Conduct Reports

3MPI requests leave to consolidate and update its inequitable conduct reports in light of the change in law set forth in *Therasense, Inc. v. Becton, Dickinson and Co*., 649 F.3d 1276 (Fed. Cir. 2011) (*en banc*).   After *en banc* consideration, the Federal Circuit Court of Appeal in *Therasense* clarified the requirements for finding intent to deceive and changed the standard of materiality to be applied to inequitable conduct claims such as that brought by 3MPI in this case. Specifically, the Court held that a "but-for" standard of materiality should apply to such claims.  The *Therasense* decision was issued after expert reports were submitted on the topic of inequitable conduct in this case and indisputably alters the standards that both parties' experts used in reaching their opinions on the subject.

Additionally, after the parties submitted their expert reports on the subject of inequitable conduct, there transpired another year of activity by Pall in the U.S. Patent Office, in connection with the re-examinations of the patent-in-suit.  3MPI has alleged that Pall's conduct during re-examination constituted inequitable conduct (*see* D.I. 237, 171 (Amended Counterclaims)), and 3MPI's expert reports were issued prior to the termination of those re-examinations.[2]  Thus, 3MPI's expert opinions should appropriately be updated to address Pall's conduct after the expert reports.

Last year, 3MPI requested that Pall agree to the revision of expert reports in light of *Therasense* and the new facts that emerged during the re-examinations of the patent-in-suit, after the dates of the prior

---

[1] 3MPI would note that Pall's moving papers to the Court did not request permission to replace its damages expert, but only to replace its expert on the issue of willfulness.
[2] The final expert reports were issued on January 28, 2011, and the last re-examination was concluded January 21, 2012.



Honorable William D. Wall
October 28, 2013
Page 3

reports. At that time, Pall's prior counsel refused to consent to any supplementation on the ground that Pall was not willing to agree to anything that could delay trial.

Pall then switched counsel, and its new counsel took the position that the case was not ready for trial and that supplemental expert reports were required. 3MPI reiterated its request to supplement its inequitable conduct reports to Pall's current counsel, but the parties have failed to reach an agreement. Given the Court's recent order providing new deadlines for supplementation of Pall's willfulness and damages expert reports, 3MPI asks permission to supplement its two inequitable conduct reports in two respects: to consolidate them into a report from a single expert to streamline testimony at trial, and to reflect the subsequently articulated *Therasense* standard and address conduct that occurred after the original reports were written. Granting 3MPI's request will lead to no additional delay – the consolidated report and discovery can occur on the very same schedule set by the Court for supplementation of Pall's expert reports. 3MPI's request will not expand the witness universe – rather, in consolidating its reports, the case becomes simpler.

Accordingly, 3MPI requests leave to consolidate and supplement its inequitable conduct expert opinions and for responsive opinions, if any, and discovery, to occur on the same schedule set by the Court's October 23, 2013 Order:

Supplemental inequitable conduct report due December 23, 2013

Responsive report (if any) due January 30, 2014

Discovery completed by March 5, 2014

The Court's attention to this matter is greatly appreciated.

Respectfully submitted,

*/s/ Thomas M. Crispi*

Thomas M. Crispi

cc:    All counsel of record (via ECF)