

January 28, 2014

**Alan M. Fisch**
*Managing Partner*

Direct 202.362.3600
Alan.Fisch@FischLLP.com

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Pall Corporation v. 3M Purification, Inc.,* Nos. 9:97-cv-07599-PKC-WDW and 2:03-cv-00092-PKC-WDW

Dear Judge Chen:

    "[A]n absolute plague," a "scourge," and a "pandemic."[1]  While these words could describe the criminal defense tactic of putting the prosecutor on trial, they actually come from Federal Circuit opinions describing the rampant abuse and overuse of inequitable conduct claims in patent cases.  An inequitable conduct claim, simply put, avers that an attorney committed fraud on the Patent Office by failing to disclose information, and that fraud was material to the Patent Office's decision to issue the patent.  The relief for inequitable conduct is to render an otherwise valid patent unenforceable against an accused infringer.  For this reason, Chief Judge Rader has described inequitable conduct as the "atomic bomb" of patent law, to be used sparingly.[2]

    The Federal Circuit's contempt has not discouraged defendants from making baseless inequitable conduct allegations — roughly 80 percent of all patent infringement cases include an inequitable conduct defense, according to one published estimate.[3]  The inequitable conduct doctrine is born from case law, making court decisions addressing it of special importance.

---

[1] *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("absolute plague"); *Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1195 (Fed. Cir. 2006) (Newman, C.J., dissenting) ("scourge"); *Taltech Ltd. v. Esquel Apparel, Inc.*, 604 F.3d 1324, 1335 (Fed. Cir. 2010) (Gajarsa, C.J., dissenting) ("pandemic").

[2] *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290-91 (Fed. Cir. 2011) (*en banc*) ("the remedy for inequitable conduct is the 'atomic bomb' of patent law") (citing *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 525 F.3d 1334, 1349 (Fed. Cir. 2008) (Rader, J., dissenting)).

[3] *See Therasense, Inc.*, 649 F.3d at 1289.

Case 9:97-cv-07599-PKC-WDW Document 367 Filed 01/28/14 Page 2 of 2 PageID #: 7130

- 2 -

FISCH HOFFMAN SIGLER LLP

A recent Federal Circuit pronouncement "tighten[ed] the standards" for proving inequitable conduct, requiring clear and convincing evidence that the patentee (1) "acted with the specific intent to deceive" the Patent Office, and (2) the alleged non-disclosed information was "but for material."[4]

Here, 3M has offered no evidence that Pall acted with any intent to deceive. 3M's own expert even refused to opine on the subject.[5] And 3M cannot establish that Pall withheld material information, as the Patent Office considered each of the items that 3M alleges that Pall withheld. Thus, 3M cannot satisfy either element of an inequitable conduct claim.

Pall respectfully requests the opportunity to move for summary judgment on inequitable conduct. 3M does not oppose Pall's request.

If the Court grants Pall's request, Pall proposes the following briefing schedule:

    February 21, 2014 – Opening Brief

    March 21, 2014 – Opposition Brief

    April 4, 2014 – Reply Brief

The Court's December 6, 2013 Minute Order requires the parties to either submit a joint pretrial order or request a pre-motion conference on or before April 5, 2014, and that a pretrial conference be held on April 23, 2014. Pall seeks to expedite resolution of this case, and, therefore, also asks that the Court convert the April 23 pretrial conference to a status conference to discuss (1) the timeline for filing a pretrial order; and (2) a trial date in this matter. 3M has not agreed to Pall's proposed briefing schedule or request to convert the April 23 pretrial conference.

Pall remains available at any time for a hearing on its requests.

Respectfully submitted,

Alan M. Fisch

Alan M. Fisch

cc: All counsel of record (ECF)

---

[4] *Therasense,* 649 F.3d at 1290-91.

[5] Supplemental Expert Report of Gerald H. Bjorge, December 23, 2013, p. 33 ("Although I do not directly opine in this report on intent to deceive, as a response to Mr. Goolkasian's statements as to intent to deceive, I believe factual evidence exists that is relevant to a determination of inequitable conduct and unenforceability under *Therasense*.").