

666 Fifth Avenue, 17th Floor
New York, New York 10103

*t* 212-753-5000
*f* 212-753-5044

www.schiffhardin.com

Thomas M. Crispi
212-745-0865
tcrispi@schiffhardin.com

January 30, 2014

**VIA ECF**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Pall Corporation v. 3M Purification Inc.,* Nos. 9:97-cv-07599-PKC-ARL and 2:03-cv-00092-PKC-ARL

Dear Judge Chen:

      We represent 3M Purification Inc. ("3MPI")  in the above-referenced matter.  We write in response to Pall Corporation's ("Pall") letter brief requesting a pre-motion conference for leave to move for summary judgment regarding inequitable conduct.  D.I. 367 and D.I. 304.  Specifically, we wish to clarify 3MPI's position as represented by Pall in its letter.  While 3MPI disagrees with Pall's hyperbolic reasons for its motion and believes that it is without merit,[1] 3MPI does not oppose Pall's request to file a dispositive motion on the issue based on Pall's agreement that it would not oppose 3MPI's request to file its own dispositive motions in turn.  3MPI also does not oppose Pall's request that the April 23 pretrial conference date be changed to a pre-motion conference or a status conference.

      However, 3MPI does oppose Pall's request for premature and expedited briefing on dispositive motions.  As 3MPI made clear to Pall prior to the filing of Pall's letter, Pall's proposed schedule would require 3MPI to request a pre-motion conference regarding dispositive motions earlier than the date already set by this Court (12/6/2013 Minute Order), and even prior to conducting expert discovery that will bear on the subjects of those dispositive motions.

      Currently, 3MPI intends to file its own letter brief on at least the issue of willful infringement.  The Federal Circuit has set forth a two-prong test for establishing willful infringement, which includes a threshold objective inquiry, followed by a subjective inquiry if the threshold inquiry is met.  *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Because the threshold objective inquiry in the

---

[1] 3MPI expressly disagrees with Pall's representation in its letter that 3MPI has offered no evidence of intent to deceive.  In fact, the quoted language Pall cites from 3MPI's expert report belies Pall's assertion.  Contrary to Pall's argument, 3MPI's expert did opine that evidence exists that is relevant to the issue of intent to deceive.  Intent may be inferred from such evidence.  *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290-91 (Fed. Cir. 2011).  Further, whether such evidence sufficiently demonstrates an intent to deceive under the high burden set forth in *Therasense* is an issue of fact for a factfinder—rather than a third-party expert—ultimately to determine.



Honorable Pamela K. Chen
January 30, 2014
Page 2

willful infringement test is appropriately decided by the judge, not the jury, this issue is appropriately addressed in a dispositive motion. *Bard Peripheral Vascular v. WL Gore & Associates*, 682 F.3d 1003, 1007 (Fed. Cir. 2012). Pall cannot meet its high burden of proof of showing that 3MPI acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. 3MPI has clearly established credible invalidity defenses. *Spine Solutions v. Medtronic Sofamor Danek USA*, 620 F.3d 1305, 1319 (Fed. Cir. 2010) (objective inquiry not met where defendant asserts reasonable defenses of invalidity).

But because the Court granted Pall's earlier request to supplement its expert reports, expert discovery on pertinent issues, including willful infringement, is still ongoing. Indeed, the expert reports Pall insisted upon are due to be exchanged on January 30, 2014, and expert discovery is not due to be complete until March 5, 2014. Thus, the filing of any requests for dispositive motions is premature at this time. Upon the completion of discovery, 3MPI will be able to fully evaluate the need for all potential dispositive motions, as was contemplated by the Court's December 6, 2013 Order. In so doing, we can give careful consideration to dispositive motion practice as a whole, thereby avoiding a piecemeal approach and multiple briefing schedules.

Accordingly, 3MPI respectfully asks that the Court maintain its current schedule, which provides that any requests for a pre-motion conference regarding dispositive motions be made on or before April 5, 2014. 12/6/2013 Minute Order. 3MPI further respectfully requests that the Court set a briefing schedule for all dispositive motions after that date to ensure that all issues are briefed and addressed simultaneously and to avoid the multiple briefing schedules that would result from Pall's request.

We also respectfully request that the current April 23, 2014 conference be left on the calendar but converted to a pre-motion conference.

Respectfully submitted,

*/s/ Thomas M. Crispi*

Thomas M. Crispi

cc:     All counsel of record (via ECF)

37631-0158
NY\51922639.1