

666 Fifth Avenue, 17th Floor
New York, New York 10103

*t* 212-753-5000
*f* 212-753-5044

www.schiffhardin.com

Thomas M. Crispi
212-745-0865
tcrispi@schiffhardin.com

March 17, 2014

**VIA ECF**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Pall Corporation v. 3M Purification Inc.,* Nos. 9:97-cv-07599-PKC-ARL and 2:03-cv-00092-PKC-ARL

Dear Judge Chen:

      We represent Defendant 3M Purification Inc. ("3MPI") in the above-referenced matter. In accordance with the Court's February 5, 2014 Order, the parties will shortly be submitting an agreed-on proposed briefing schedule with respect to Pall Corporation's ("Pall") dispositive motion regarding inequitable conduct (D.I. 367 and D.I. 304) and 3MPI's dispositive motion regarding willful infringement (D.I. 368 and D.I. 305). In addition, pursuant to the Court's February 5, 2014 Order, 3MPI respectfully requests leave to file two additional dispositive motions on the issues of (1) noninfringement and (2) no entitlement to lost profits. The bases for these additional anticipated motions are set forth below.

      Pall does not oppose 3MPI's request for leave to file the non-infringement and lost profits motions. The parties also agree that the briefing for such additional motions should follow the same schedule the parties have agreed upon for the inequitable conduct and willful infringement motions. Thus, the two additional issues will not affect the current proposed briefing schedule.

**Non-Infringement**

      This case involves two matters, a litigation filed in 1997 ("the 1997 action") involving Cuno, Inc.'s (now 3MPI) PolyPro XL filter product, and a litigation filed in 2003 ("the 2003 action") involving a separate Cuno filter product, the Spiral-W. Both actions presently assert the same patent—U.S. Patent No. 5,543,047 ("the '047 patent"). The '047 patent pertains to cylindrical filter cartridges having pleated filter elements whose pleat heights form a "spiral" when looking at a cross-section of the cylindrical cartridge—*i.e.*, the pleat heights are longer than the annular distance between the inner core and outer cage of the filter cartridge and are therefore laid-over. Judge Seybert previously granted Pall's motion for partial summary judgment of infringement of the accused PolyPro XL products in the 1997 action. D.I. 116. The Spiral-W products accused in the 2003 action differ from the original PolyPro XL products. Whereas the original PolyPro XL products contain spiral pleats that are of equal height all around the core



Honorable Pamela K. Chen
March 17, 2014
Page 2


of the filter element, the Spiral-W products contain spiral pleats that have alternating pleat heights, resulting in every other pleat being "short" and not extending all the way to the core of the filter element.

A determination of patent infringement requires a two-step analysis. First, the court must interpret the claims to determine their scope and meaning. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998). Then, the properly-construed claims are compared to the allegedly infringing device. *Id.* The Court has previously construed several terms of the '047 patent, including one term in the 1997 action and an additional five terms in the 2003 action. D.I. 103. After the Court's claim constructions, however, the '047 patent was subjected to several reexaminations by the United States Patent and Trademark Office ("PTO"), which concluded in 2012.

The proper construction of claim terms requires consideration of the intrinsic record, including the patent's prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). The prosecution history "consists of the complete record of the proceedings before the PTO and includes the prior art cited during the examination of the patent." *Id.* (citation omitted). Reexamination proceedings are considered part of the prosecution history, and "[r]examination statements 'are relevant prosecution history when interpreting claims.'" *St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.*, 412 F. App'x 270, 275-76 (Fed. Cir. 2011) (quoting *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988)). Specifically, the Federal Circuit has held that arguments made to the PTO by the patentee during reexamination can provide meaning to claim terms. *See Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012). Moreover, a patentee that relinquishes subject matter during prosecution cannot recapture such scope in a subsequent infringement assertion. *See Spectrum Int'l v. Sterilite Corp.*, 164 F.3d 1372, 1379 (Fed. Cir. 1989). Based on arguments made by Pall during the reexamination proceedings for the '047 patent to distinguish over prior art, 3MPI is entitled to summary judgment of non-infringement for the Spiral-W products.

In particular, during the reexamination proceedings, the so-called "$h_{MAX}$ limitation" was added to every claim of the '047 patent for patentability purposes. To distinguish over the prior art, Pall made arguments concerning the $h_{MAX}$ limitation that limited the scope of the claims to require "intimate contact" between the pleats at and outwardly from the inner periphery of the filter element. In other words, Pall's arguments confirmed that the $h_{MAX}$ limitation requires filters in which the pleats have intimate contact along the inner diameter "d" of the filter element. But 3MPI's Spiral-W products do not meet this requirement. Consequently, Pall's own actions during reexamination establish that, as a matter of law, 3MPI's Spiral-W products cannot infringe.

**Lost Profits**

Whether or not lost profits are legally compensable is a matter of law. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1358, 1544 (Fed. Cir. 1995) (*en banc*). As such, the issue is appropriate for dispositive motion practice. *See, e.g., Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 13746 (Fed. Cir. 2008) (affirming district court's grant of summary judgment of excluding claim to lost profits).



Honorable Pamela K. Chen
March 17, 2014
Page 3

       To prevail on its claim for lost profits, Pall has the burden of proving by a preponderance of the evidence that it would have made the sales claimed as lost profits "but for" 3MPI's alleged infringement. *Rite-Hite*, 56 F.3d at 1545. According to the Federal Circuit, "but for" causation is most commonly proven by presenting evidence that the four factors of the *Panduit* test have been satisfied: "1) demand for the patented product; 2) absence of acceptable non-infringing substitutes; 3) manufacturing and marketing capability to exploit the demand; and 4) the amount of the profit it would have made." *Id.* (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)).

       Under the *Panduit* factor analysis, "the presence of a non-infringing substitute precludes the recovery of lost profits." *DSU Med. Corp. v. JMS Co.*, 296 F. Supp. 2d 1140, 1155 (N.D. Cal. 2003), *aff'd* 471 F.3d 1293, 1309 (Fed. Cir. 2006). Here, acceptable non-infringing alternatives were available during the infringement period, which were not considered by Pall's damages experts. Summary judgment of no lost profits is appropriate where an expert fails to consider non-infringing alternatives. *Protegrity Corp. v. Voltage Security, Inc.*, 2013 WL 6880597 (D. Conn. Dec 31, 2013) (citing *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571 (Fed. Cir. 1996)). Further, Pall's lost profits claim fails to consider whether demand for the accused products was truly demand for the patented invention. *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1346 (Fed. Cir. 2003) (plaintiff must show patented component was the basis for customer demand). Here, the value of the accused filter products was not driven by the specific pleat configuration feature as claimed in the '047 patent; but rather, it was driven by the specific application and performance of the filters as a whole. Indeed, there is no dispute that the relevant market is not defined by "laid-over" filters having a pleat configuration according to the '047 patent, but rather filters having certain desired performance characteristics such as increased filter service life. And there is no dispute that many of the purchasers of the accused products were 3MPI customers that had been converted from 3MPI's radial pleat filters. Other non-infringing features, such as the specific type of material used in the filter membrane, contributed to improved performance of the accused filters. Pall's damages experts failed to demonstrate that without the accused feature, customers would not have bought 3MPI's filters. Accordingly, Pall is not entitled to recover lost profits, and 3MPI is entitled to summary judgment on that issue. *Ferguson*, 350 F.3d at 1346.

       We are cognizant of the Court's busy calendar. We believe the motions will significantly narrow the issues for trial and possibly position the case for resolution short of trial. We are available at the Court's convenience for a pre-motion conference should it be necessary.

                                                           Respectfully submitted,

                                                           */s/ Thomas M. Crispi*

                                                           Thomas M. Crispi

cc:       All counsel of record (via ECF)

37631-0158
NY\51980154.1