UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

PALL CORPORATION,

                      Plaintiff,                   **ORDER DENYING
                                                                    RECONSIDERATION**

       -against-

                                                                 97 CV 7599; 03 CV 92 (PKC)

3M PURIFICATION INC.,

                      Defendant.
---------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       On September 17, 2015 the Court heard oral argument on the remaining issue raised in Defendant 3M Purification Inc.'s motion for reconsideration. (Dkt. 425.)[1] 3M had sought reconsideration of the Court's prior finding that no genuine issue of fact existed as to whether Pall's HDC-II filter constituted "but-for" material that Pall should have disclosed to the U.S. Patent and Trademark Office ("PTO") during the original prosecution of the #047 patent.

       Here, 3M seeks to revive its inequitable conduct defense based on Pall's cancellation of claim 1 of the #047 patent during re-examination. The Court previously found that, "[d]espite the questions 3M has raised regarding claim 1 and whether the HDC-II filter is a genuine radial filter, 3M cannot overcome the fact that the PTO confirmed the validity of claim 35—a claim that, in contrast to claim 1, is at issue in this case—at the conclusion of the first re-examination proceeding." (Dkt. 420, Order dated 3/31/2015, at ECF 17.)[2] On reconsideration, 3M argues

---

[1]     3M raised two issues in its motion for reconsideration. In a prior Order, the Court denied reconsideration on the second issue, which concerned the $h_{max}$ formula. *(See* Dkt. 435, Order dated August 20, 2015.)

[2]     Citations to "ECF" refer to the pagination of the Court's electronic docketing system and not the internal pagination of the document.

that the Court may not rely on the PTO's confirmation of claim 35, following disclosure of information on the HDC-II filter during the re-examination proceeding, because claim 1 was cancelled during the same proceeding.[3] (Dkt. 426, 3M Memo on Reconsideration ("3M Recon Memo"), at ECF 10.) 3M therefore argues that the Court misinterpreted *Therasense*, which, 3M argues, held that inequitable conduct with respect to "any single claim" of a patent renders the entire patent unenforceable. (*Id*. at ECF 10-11 ("If Pall committed inequitable conduct with respect to claim 1 . . . , that inequitable conduct taints all remaining claims of the #047 patent[.]").)

The Court hereby denies reconsideration to 3M. (Dkt. 425.) Though 3M argues that the Court cannot rely on the outcome of the re-examination proceeding because claim 1 was first rejected by the PTO and then cancelled by Pall, 3M has not shown that an issue of fact exists as to whether the PTO's rejection of claim 1 was somehow related to the HDC-II filter. At oral argument, 3M, for the first time, argued that the PTO examiner did not actually consider the HDC-II filter during the first re-examination because the information about that product was not presented in the proper format. The PTO's Reexamination decision, however, contradicts 3M's assertion. (Ex. 29 to the Declaration of Nicholas Oldham, Dkt. 392-17 at ECF 1-35). The decision makes clear that the *Pall v. Cuno* court submissions regarding the HDC-II filter were "*fully considered*" by the PTO examiner, and that the #047 patent claims that are the subject of this case were, in fact, reissued *over* the disclosure of the HDC-II filter during the first re-examination. In pertinent part, the re-examination decision reads:

---

[3] In its memo for reconsideration, 3M characterizes the Court as finding that claim 1 was "cancelled in response to" information regarding the HDC-II filter (3M Recon Memo at ECF 10), but the Court made no such finding regarding the cause of claim 1's cancellation. It is clear from the record that the PTO issued an office action rejecting claim 1 on the basis of a Soviet Patent and a Japanese patent, and Pall then cancelled claim 1 following the office action. (*See* Dkt. 392-17 at ECF 6-8.)

> The information disclosure statement filed on 2/8/2008 contains citations to Court Proceedings listed on PTO/SB/08 forms. The cited Court Proceedings do not constitute prior art; consequently, the PTO/STB/08 form does not appear to be a proper vehicle for notifying the PTO of this information. These citations have been drawn through on the PTO/SB/08 form; however, **the copies of these Court Proceedings have been fully considered** and have been made of record in the file and are acknowledged as having been filed as Information From Related Litigation as forth in MPEP 2001.06(c). Further, items such as declarations and court documents **are evidence**, but not printed prior art publications and, as such are no suitable for printing on the face of the reexamination certificate.

(*Id*. at ECF 5-6 (emphasis added).) Read in its full context, the statement relied upon by 3M—that "[t]he cited Court Proceedings do not constitute prior art"—means precisely what Plaintiff's counsel explained at oral argument, *i.e.*, that because court documents do not constitute prior art, they should not have been listed on the "PTO/SB/08 form" as a means of "notifying the PTO of this information." (*Id*.) In other words, this was a ministerial, clerical error that was remedied by "draw[ing] through on the PTO/SB08 form". (*Id*.) Indeed, the reexamination decision goes on to state that, "the copies of the Court Proceedings *have been fully considered*". (*Id*. (emphasis added).)[4] Thus, there simply is no merit to 3M's belated assertion that the PTO examiner did not consider the HDC-II filter, such that the issuance of claims from the #047 patent over its disclosure is not dispositive with respect to but-for materiality.[5]

---

[4] The first reexamination file documents also confirm, via the "Information Disclosure Statement by Applicant" checklist, that the examiner looked at each of the numerous *Pall v. Cuno* litigation filings. (*Id*. at ECF 34-35 (showing examiner's initials next to each *Pall v. Cuno* filing).)

[5] At oral argument, 3M also argued, as a second basis for reconsideration, that Pall's alleged misconduct with respect to the prosecution of the #778 patent, relating to the $h_{max}$ formulate, infected the claims in the #047 patent, which similarly rely on the $h_{max}$ formula. However, as the Court explained at the argument, that contention fails for the same reason as 3M's first argument, *i.e.*, that, upon reexamination of the #778 patent, the PTO issued some of the patents claims as amended by Pall *over* the disclosure of the previously undisclosed information, and that therefore 3M could not prove but-for materiality of the previously non-disclosed information.

3

At oral argument, 3M raised the prospect that, under the Court's logic, a patent-holder could simply avoid facing an inequitable conduct defense by cancelling or amending claims during re-examination proceedings—as Pall did with respect to claim 1 during the first PTO re-examination of the #047 patent and with respect to certain claims of the #778 application—such that there could never be a viable inequitable conduct defense.  Though the Court takes seriously this policy consideration, it does not believe that this concern is implicated by the circumstances presented in this case.  3M's inequitable conduct defense is reference-specific, meaning that 3M must show a genuine issue of material fact as to the "but-for" materiality of the HDC-II filter.  On reconsideration, 3M has failed to show a nexus between the rejected claim and the reference forming the basis of its inequitable conduct defense.

Accordingly, for the reasons stated on the record at oral argument and above, the Court therefore DENIES reconsideration to 3M.


SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: September 18, 2015
Brooklyn, New York

4