

**MICHAEL P. KAHN**
+1 212.872.1082/fax: +1 212.872.1002
mkahn@akingump.com

September 29, 2015

VIA ELECTRONIC COURT FILING

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: *Pall Corporation v. 3M Purification, Inc.*, Nos. 9:97-cv-07599-PKC-SIL
     and 2:03-cv-00092-PKC-SIL

Dear Judge Chen:

  I write on behalf of defendant 3M Purification, Inc. ("3M") to request a brief adjournment of the pretrial schedule in the above-referenced matters (D.I. 422) to permit clarification on two legal issues critical to the resolution of this case.[1]

  As the parties and the Court recognized during the September 17, 2015 hearing, Plaintiff's motion for summary judgment of no inequitable conduct (D.I. 389) and 3M's motion for reconsideration (D.I. 425) raise complex legal issues susceptible to divergent interpretations. In particular, there are disputes of law concerning (1) the permissible scope of prior art submitted and actionable during reexamination (*see, e.g.*, 37 C.F.R. §§ 1.552 and 1.555) and whether the HDC-II prior art filter product was considered, or could have been considered, by the Patent Office during reexamination; and (2) the breadth of the Federal Circuit's holding in *Therasense, Inc. v. Becton Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc).  Because these issues involve controlling questions of law for which there are substantial grounds for disagreement based on Plaintiff's arguments and the Court Orders, and an immediate appeal would materially advance the litigation, 3M submits that certification of the court's orders (D.I. 420, 435, 439) for interlocutory appeal is appropriate.  28 U.S.C. § 1292(b); *see Klinghoffer v. S.N.C. Achille Lauro*

---

[1] The current schedule for pretrial exchanges provides that the parties will have their "First Exchange" of pretrial information on October 9, 2015, which is three weeks after the entry of the Court's Order on 3M's motion for partial reconsideration.  *Id.*  The parties previously requested jointly an adjournment of the pretrial schedule on April 16, 2015, which the Court granted.  *Id.*  Plaintiff advised 3M that it does not consent to the requested adjournment of the schedule to permit briefing on 3M's motion for certification, but stated its intention to request a separate extension of the pretrial schedule for other, unspecified, reasons.



The Honorable Pamela K. Chen

Page 2

*Ed Alti-Gestione Motonave Achille Lauro in Amministrazione Straordiniaria*, 921 F.2d 21, 24 (2d Cir. 1990).

  In making this request, 3M appreciates the long pendency of these disputes and the need to encourage their prompt resolution. To that end, the requested adjournment is intended to avoid the unnecessary duplication of pretrial and/or trial activities and to conserve judicial and party resources.

  For reasons that 3M will set forth in detail in formal motion papers, the disputed questions of law surrounding the Court's decisions concerning Plaintiff's motion for summary judgment of no inequitable conduct (D.I. 420, 435, 439 and during oral argument) impact not only 3M's unenforceability defense, but also its invalidity defense and defense against willful infringement. For example, Plaintiff may argue that the Court's rulings on inequitable conduct undermine 3M's invalidity defense based on the prior sale of the HDC-II prior art. In that regard, Plaintiff may further argue that the HDC-II prior art was considered by the Patent Office during the first reexamination and the Patent Office determined that it was not material to patentability of the claims. Both of these anticipated arguments are, in 3M's view, contrary to law and would unfairly impact 3M's invalidity defense and 3M's defenses to Plaintiff's allegations of willful infringement. Indeed, even though the words "fully considered" were used by the Patent Office, the litigation documents concerning the HDC-II could not be considered in the context of "but for" materiality as a matter of law. (*See, e.g.*, 37 C.F.R. §§ 1.552 and 1.555).

  Moreover, Plaintiff's arguments against the materiality of both the HDC-II prior art filter and the '778 application rest upon what 3M maintains is a flawed interpretation of the statement in *Therasense* that "inequitable conduct regarding any single claim renders the entire patent unenforceable." *Therasense*, 649 F.3d at 1288. There was extensive discussion on this point during oral argument and it appears as if at least portions of the Court's decision adopted Plaintiff's arguments in this regard. (*See, e.g.*, Sept. 17 Hr'g Tr. at 47-50, 53, 59 and 60; D.I. 439 at 2 and n. 5). This issue raises a complex legal question involving the breadth of the *Therasense* decision, for which there is a substantial ground for disagreement based upon Plaintiff's arguments and the Court's Orders, particularly relating to the allegations concerning the '778 application, and an immediate appeal to the Federal Circuit would materially advance the litigation.



The Honorable Pamela K. Chen

Page 3

    For these reasons, 3M respectfully requests a short adjournment of the pretrial exchanges to accommodate the following proposed briefing schedule for a motion for interlocutory certification and an accompanying motion to stay the proceedings pending an expedited appeal:

| | |
|---|---|
| **3M's opening memorandum** | **October 16** |
| **Plaintiff's opposing memorandum** | **October 30** |
| **3M's reply memorandum** | **November 6** |

    Proceeding directly into pretrial exchanges at this time would risk a significant waste of judicial and party resources. Indeed, any trial of this matter undertaken at this time would be under circumstances of uncertainty in light of the significant and controlling legal disputes set forth above.

                                Respectfully submitted,

                                  *Michael P. Kahn /mjk*

                                Michael P. Kahn